IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAMONT JEREMIAH MCCAULEY, Estate, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:25CV796 |
| CANDICE L. BROCE, GEORGIA DEPARTMENT OF HUMAN SERVICES, and GWINNETT COUNTY DCSS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER, MEMORANDUM OPINION, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on *pro se* Plaintiff Lamont Jeremiah McCauley, Estate's application to proceed *in forma pauperis*. *See* Docket Entry 1. For the reasons set forth below, the Court will grant the application for the limited purpose of allowing the Court to consider a recommendation of dismissal.

I. DISCUSSION

Lamont Jeremiah McCauley, Estate ("the Estate") alleges that the defendants violated the Fifth and Tenth Amendments of the United States Constitution, the 1946 Administrative Procedures Act, and the Uniform Commercial Code. *See generally* Compl., Docket Entry 2.

The Court must dismiss a case filed *in forma pauperis* if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp.*, 550 U.S. at 555 (citation modified). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across

the line from conceivable to plausible.'" *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly,* 550 U.S. at 570). The Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff, but does not consider legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citation modified). A *pro se* plaintiff's complaint must be construed liberally in his favor. *See Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015).

The allegations in the Estate's Complaint do not plausibly allege any claim against any defendant.

First, it is unclear why the Estate is the plaintiff because there is a signature in the name of Lamont Jeremiah McCauley on the Complaint as the plaintiff and specified as the plaintiff's authorized representative. Nowhere in the Complaint is the Estate itself defined. Because 28 U.S.C. § 1915 permits an *individual* to apply for *in forma pauperis* status, the Court will assume McCauley himself brings these claims against the defendants.

McCauley claims that he notified the defendants "of the estates' administrative status and its use of PL 79-404 to resolve any prior or unsubstantiated debts owed to defendant." Public Law 79-404 is the Administrative Procedure Act. Indeed, "[a] person suffering legal wrong because of agency action . . . is entitled to judicial review" of that action. 5 U.S.C. § 702; *see also Corner Post, Inc. v. Bd. of Govs. of Fed. Reserve Sys.*, 603 U.S. 799, 808 (2024) ("Section 702 authorizes persons injured by agency action to obtain judicial review by suing the United States or one of its agencies, officers, or employees."). But McCauley has not alleged that any of the defendants is a federal agency, officer, or employee. For this reason, among others, the Court should dismiss McCauley's claim under the Administrative Procedure Act.

McCauley appears to allege a procedural due process violation because the defendants "greatly ignored" his "request for a lawful account audit or the establishment of a court date to resolve any perceived debt." He alleges that he "sent a copy of a cease and desist collections order requiring [the defendants] to dismiss any and all fraudulently-obtained, unsubstantiated and inaccurate contractual debt obligations of the LAMONT JEREMIAH MCCAULEY, estate to their persons." To the extent that McCauley's procedural due process claim is a challenge to any state-court judgment, the *Rooker-Feldman* doctrine bars the claim. *See Reed v. Goertz*, 598 U.S. 230, 234-35 (2023) (explaining that "the doctrine prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-

court judgments" and citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983)).

To the extent McCauley brings his claim under 42 U.S.C. § 1983 arguing that the defendants, acting under color of state law, deprived him of his procedural due process rights, he must sufficiently allege that the defendants deprived him of a cognizable liberty or property interest and, if so, that "the procedures followed by the State [to do so] were constitutionally [in]sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Here, McCauley does not provide facts to support his conclusory allegations that the defendants' failure to pay heed to his cease-and-desist letters to absolve him of any contractual debt is a constitutional violation. For these reasons, the Court should dismiss McCauley's due process claim.

McCauley also asserts a violation of the Uniform Commercial Code. He does not identify which state's Uniform Commercial Code or which provision of the Uniform Commercial Code he alleges that the defendants violated. It matters not because "'[t]he Uniform Commercial Code was designed to apply to transactions between a seller and a purchaser.'" *Johnson v. Smith & Nephew, Inc.*, 621 F. Supp. 3d 593, 600 (W.D.N.C. 2022) (quoting *Batiste v. Am. Home Prod. Corp.*, 231 S.E.2d 269 (N.C. Ct. App. 1977) (referring to North Carolina's Uniform Commercial Code)); *see also SunTrust Bank v. Venable*, 791 S.E.2d 5, 7 (Ga. 2016) ("It is well established . . . that the provisions of Article 2 are applicable both to a contract that involves *only* the sale of goods and a contract that contains a blend of sale and non-sale elements if the dominant purpose behind the contract reflects a sales transaction."). McCauley has not alleged any transaction in goods according to which he was a seller or a purchaser. The Court should dismiss McCauley's Uniform Commercial Code claim.

3

## II. CONCLUSION

It is therefore **ORDERED** that McCauley's application to proceed *in forma pauperis*, Docket Entry 1, is **GRANTED** for the limited purpose of allowing the Court to consider a recommendation of dismissal. It is **RECOMMENDED** that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

March 2, 2026
Durham, North Carolina

4

Case 1:25-cv-00796-LAF-JGM   Document 6   Filed 03/02/26   Page 4 of 4